UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JAKE MARSHALL, LLC, | ) | |
| | ) | |
| *Plaintiff/Counter-Defendant,* | ) | |
| | ) | No. 1:25-cv-156 |
| v. | ) | |
| | ) | Judge Collier |
| LIBERTY MUTUAL INSURANCE CO., | ) | Magistrate Judge Dumitru |
| | ) | |
| *Defendant/Counter-Plaintiff.* | ) | |

## M E M O R A N D U M

Before the Court is a motion by Unitherm, Inc. ("Unitherm") to intervene as a party-plaintiff under Federal Rule of Civil Procedure 24 and to add McKee Foods Corporation ("McKee Foods") and Great American Insurance Company ("Great American") as Defendants. (Doc. 29.) Defendant Liberty Mutual Insurance Co. ("Liberty Mutual"), Plaintiff Jake Marshall, McKee Foods, and Great American responded. (Docs. 31–33.) Unitherm filed a reply. (Doc. 34.)

## I. BACKGROUND[1]

Jake Marshall is a limited liability company owned by Limbach Facility Services, LLC. (Doc. 1 ¶¶ 1, 4.) On December 11, 2020, non-party O'Neal Constructors LLC ("O'Neal") entered into a construction contract with McKee Foods. (*Id.* ¶¶ 9–10.) The contract was for work to be performed in connection with the McKee Foods Apison Plant Phase C Expansion Project (the "Project"). (*Id.*) On August 11, 2021, O'Neal entered into a subcontract ("Subcontract 1") with Plaintiff Jake Marshall in which Jake Marshall agreed to furnish labor and material to O'Neal.

---

[1] For the purposes of this memorandum, background facts come from the complaint and motion to intervene.

(*Id.* ¶ 11.)    On April 27, 2023, O'Neal and Jake Marshall entered a second subcontract ("Subcontract 2") for work related to a trench drain installation.  (*Id.* ¶ 13.)

Liberty Mutual issued a payment bond on behalf of O'Neal binding Liberty Mutual to make payments to those companies who supplied labor and materials.  (*Id.* ¶ 15.)  O'Neal was the principal and Liberty Mutual was the surety.  (*Id.* ¶ 16.)  Great American Insurance Company was the surety for Jake Marshall.  (Doc. 29 ¶ 4.)  Jake Marshall performed the work it was obligated to perform under the subcontracts and invoiced $1,164,872.80 for the work on Subcontract 1 and $59,100.94 for the work on Subcontract 2.  (Doc. 1 ¶¶ 18–19.)  Jake Marshall also furnished change order work valued at $3,398,116.46 to O'Neal.  (*Id.* ¶ 20.)  The total amount owed to Jake Marshall is $4,622.090.20. (*Id.* ¶ 22.)  O'Neal ceased all work on the project, demobilized from the project site, and stated to both McKee and Liberty Mutual that it was unable to continue the work or pay the subcontractors and suppliers; it effectively abandoned the project.  (*Id.* ¶¶ 23–27.)

Jake Marshall sent a notice of nonpayment and claim on payment bond to Liberty Mutual in the amount of $5,22,090.20,[2] but Liberty Mutual failed to make full payment on Jake Marshall's claim.  (*Id.* ¶¶ 29–30.)  Jake Marshall filed suit for breach of contract and for violation of the Tennessee Prompt Pay Act.  (*Id.* at 8.)  Liberty Mutual filed a counterclaim alleging breach of contract against Jake Marshall.  (Doc. 16.)  Liberty Mutual alleges that McKee Foods and O'Neal both rejected certain work done by Jake Marshall due to missing parts, improper installation, and improperly performing parts.  (*Id.*  at 40, ¶ 17.)  Jake Marshall, when given an opportunity to cure the rejected work, failed to repair or replace the work.  (*Id.*  at 40, ¶ 16–18.)  Liberty Mutual alleges that it and/or O'Neal have both incurred costs and expenses associated with the repair and

---

[2] The amount has been reduced to $4,622,090 after some payments were received from O'Neal.

replacement of Jake Marshall's work. (*Id.* at 40, ¶ 19.) Liberty Mutual also alleges that Jake Marshall was negligent in performing its work on Phase 2 of the Project. (*Id.* at 40, ¶ 29–30.)

Unitherm, the proposed intervenor, was also involved as a subcontractor, and claims it is owed $174,987.68 for its work at the Project. (Doc. 29 ¶ 5.) Specifically, on October 18, 2021, Jake Marshall entered into a subcontract with Unitherm to perform a portion of the work required under its contract with O'Neal. (Doc. 29-1 ¶ 17.) According to Unitherm, "the amount owed to Unitherm is a part of Jake Marshall, LLC's claim being pursued against Liberty Mutual Insurance Company in this matter." (Doc. 29 ¶ 6.) Unitherm provided labor, materials, and services for the insulation and heating on the Project. (Doc. 29-1 ¶ 19.) The contract price was $2,162,375, but Unitherm has only been paid $1,987,902.077 (sic) for its work at the Project despite rendering complete performance. (*Id.* ¶¶ 20–21.) According to Unitherm, it is owed $174,987.68 from Defendants, which remains due, plus "three hundred dollars ($300.00) per day penalty for each and every day funds were retained by Jake Marshall and/or/McKee but not deposited into an interest bearing escrow account." (*Id.* ¶ 84.) Unitherm states that "Jake Marshall admits that it has been paid by O'Neal at least some of the money due to Unitherm including a portion of retainage withheld from Unitherm." (*Id.* ¶ 24.)

Unitherm sent a notice of nonpayment to O'Neal, Jake Marshall, and Liberty Mutual for the money it was owed. It "is pursuing a claim against the Phase 2 Payment Bond in relation to, among other things, the $174,472.93 in payments the Plaintiff received from [O'Neil]." (Doc. 16 ¶ 21.) It asserts claims for breach of contract and violation of the Tennessee Prompt Pay Act. (Doc. 29-1 at 8–10.) Unitherm now seeks to intervene as a party-plaintiff under Federal Rule of Civil Procedure 24(a) and, in the alternative, 24(b).

3

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a) governs intervention as of right.  On timely motion, this Court must permit intervention when anyone "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Federal Rule of Civil Procedure 24(b) governs permissive intervention and allows intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact."  *Id.* 24(b)(1)(B).  "Permissive intervention under Rule 24(b) is to be liberally granted to promote the convenient disposition of all claims in one lawsuit." *Deltro Elec. Ltd. v. Elec. Power Sys. Int'l, Inc.*, No. 1:21-cv-303, 2022 U.S. Dist. LEXIS 173825, at \*31 (S.D. Ohio Sep. 23, 2022) (quoting *Allied Constr. Indus v. City of Cincinnati*, 1:14-cv-450, 2014 U.S. Dist. LEXIS 186402, at \*5 (S.D. Ohio Nov. 24, 2014).  This decision lies in the district court's sound discretion.  *Id.* (citing *Blount-Hill v. Zelman*, 636 F.3d 278, 287 (6th Cir. 2011)).  But in exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

## III.    DISCUSSION

Unitherm asserts that it has a "substantial legal interest in the subject matter of the pending litigation, the proposed intervenor's ability to protect that interest is impaired, and the parties to the underlying suit cannot adequately represent the intervenor's interests."  (Doc. 29 ¶ 11.) According to Unitherm, "the amount owed to Unitherm is a part of Jake Marshall, LLC's claim being pursued against Liberty Mutual Insurance Company in this matter."  (*Id.* ¶ 6.)  Unitherm

4

states that "the intervening-defendants, Great American Insurance Company & McKee Foods Corporation, are necessary parties and are also on notice of Unitherm's claim." (*Id.* ¶ 10.)

The current parties do not oppose Unitherm's motion to intervene. Liberty Mutual states that although it "does not necessarily oppose [Unitherm's] efforts to intervene in this action and/or its efforts to add [McKee] and [Great American] as defendants in this action," its lack of opposition should not be construed as a waiver of any rights, remedies, claims, or defenses. (Doc. 31 ¶ 10.) "Jake Marshall and Great American consent to Unitherm's Motion to Intervene on the condition that joining Unitherm as a party does not alter the schedule set forth in the existing October 17, 2025 Scheduling Order." (Doc. 33 ¶ 3.)

McKee Foods opposes the motion. According to McKee Foods, "Unitherm's motion improperly seeks to add, join and assert new claims and causes of action against nonparties, including McKee," which it argues is not authorized by Rule 24. (Doc. 32 at 1.) This Rule "only contemplates intervention into existing actions and not the assertion of new claims against nonparties." (*Id.*) The Court will first address whether Unitherm may intervene under Rule 24 and then will address the joinder of McKee Foods and Great American.

### A.      Whether Unitherm may intervene under Rule 24

Here, Unitherm claims it is essentially a sub-subcontractor. Jake Marshall entered into a subcontract with Unitherm to perform a portion of its work required under Jake Marshall's subcontract with O'Neal. (Doc. 29-1 ¶ 17.) Unitherm claims that Liberty Mutual and McKee Foods refuse to pay Unitherm the amounts owed, and that it is also owed money from Jake Marshall because Jake Marshall "has been paid by O'Neal at least some of the money due to Unitherm." (*Id.* ¶ 24.)

Unitherm has a claim that shares with the main action a common question of fact. The claims for breach of contract against Liberty Mutual and Jake Marshall both share the common question of whether Liberty Mutual was obligated to pay the outstanding balance for work performed and supplies furnished by Jake Marshall. (Doc. 29-1 at 8–9.) While the contract between Unitherm and Jake Marshall is a separate subcontract, it arose out of the subcontract between Jake Marshall and O'Neal (with Liberty Mutual as a surety), the interpretation of which is the central issue in this case. And more generally, the facts surrounding the dispute between Jake Marshall and Unitherm and the facts surrounding the dispute between Jake Marshall and Liberty Mutual all arise from the common facts surrounding the construction work on the Project. *See Lexington Streetsboro, LLC v. Geis*, No. 5:07CV02450, 2008 U.S. Dist. LEXIS 108090, at *11–12 (N.D. Ohio Feb. 22, 2008) ("Clearly, the relationships between the various parties and the claims in this case arise from the common nucleus of operative fact surrounding the construction of the warehouse."). Therefore, the Court finds Unitherm has a claim that arises out of the same issues of law and fact as the main action.

Furthermore, adding Unitherm as an intervening party will not delay or prejudice the adjudication of the original parties' rights. Trial in this matter is not scheduled until December 14, 2026. (Doc. 27 at 3.) Discovery does not close until July 30, 2026. (*Id.* at 2.) The motion was timely filed, and the parties have sufficient time to conduct discovery and prepare for trial. Furthermore, adding a subcontractor as a party would not prejudice any current party in this case, especially given both Jake Marshall's and Liberty Mutual's consent to the intervention. Therefore, the Court concludes Unitherm may be added as an intervening plaintiff under Federal Rule of Civil Procedure 24.

6

Because the Court finds that Unitherm may be permissively joined under Rule 24(b), it need not consider whether Unitherm may be joined as of right under Rule 24(a). *See Cooey v. Strickland*, No. 2:04-cv-1156, 2010 U.S. Dist. LEXIS 163924, at *11 (S.D. Ohio Mar. 23, 2010) ("Because the Court decides that the movants have demonstrated that permissive intervention is warranted under Rule 24(b), it is unnecessary for the Court to determine whether they are entitled to intervention of right under Rule 24(a).") (citing *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 668 (6th Cir. 1985)).

**B.      Whether McKee Foods and Great American may be added as Defendants**

Unitherm also attached a complaint to its motion to intervene which included additional parties Great American and McKee Foods. But Unitherm has not moved for joinder under Rule 19, Rule 20, or any other Federal Rule of Civil Procedure.  Unitherm states that "[t]he intervening-defendants, Great American Insurance Company & McKee Foods Corporation, are necessary parties and are also on notice of Unitherm's claim."  (Doc. 29 ¶ 10.)  This sentence on its own is not enough to adequately develop the issue of joinder of non-parties.  *See Meridia Prods. Liab. Lit. v. Abbott Labs.*, 447 F.3d 861, 868 (6th Cir. 2006) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)).

Therefore, the Court will not allow Unitherm's intervenor complaint to the extent that it seeks to add non-parties McKee Foods or Great American.  If Plaintiff seeks to add a non-party, it must file a motion to join those parties under an appropriate rule.[3]

---

[3]  The Court notes that McKee Foods Corporation "is a corporation organized and existing under the laws of the State of Tennessee." (Doc. 29-1 ¶ 6.) Jake Marshall is a citizen of Tennessee. (Doc. 12 at 1.)  Therefore, the Court notes that joining McKee Foods may have implications for the Court's subject-matter jurisdiction. *See Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[F]ederal courts have a continuing obligation to inquire into the basis of

7

## IV.  CONCLUSION

The Court will **GRANT IN PART** Unitherm's motion to intervene as a Plaintiff.  To the extent Unitherm seeks to add McKee Foods and Great American as Defendants, the Court will **DENY** the motion in **IN PART.**

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists."). For the sake of judicial efficiency, the Court instructs Unitherm to address subject-matter jurisdiction in the event it files any motion to join.